**UNITED STATES DISTRICT COURT**

FILED'24 DEC 13 17:05USDC-ORM

District of Oregon
Medford Division

**Charles De Raedt, Plaintiff,**
v.
**La Clinica et al., Defendants.**

Case No.: 1:24-cv-01884-CL
Presiding Judge: Hon. Mark D. Clarke

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY INJUNCTION

**Introduction**
Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Charles De Raedt, proceeding pro se, respectfully moves this Court for an emergency temporary injunction to provide access to critical medical care, housing, food, and other basic necessities required for survival and the ability to litigate this case. Without immediate relief, Plaintiff faces irreparable harm, including probable death, worsening of life-threatening medical conditions, homelessness, malnutrition, and complete inability to engage in legal proceedings.

**Background**
Plaintiff filed this action in November 2024 alleging civil rights violations, human rights abuses, and conspiracy to commit murder under the Racketeer Influenced and Corrupt Organizations Act, among other claims. Plaintiff's claims directly relate to the relief sought in this motion, as Defendant's actions and omissions have deprived Plaintiff of access to medically necessary care, housing, and other resources mandated under applicable laws and policies.

**Facts Supporting the Motion**

1. **Medical Needs**:
    - Plaintiff has metastatic urothelial carcinoma, with a prognosis of nine months or less as of August 2023 without treatment. Despite the urgent need, Plaintiff has been denied treatment by multiple providers, including OHSU.
    - Plaintiff has been informed of untrue and stigmatizing notations in medical records alleging violent behavior, which have further obstructed access to care.
    - Other untreated conditions include pulmonary embolism, emphysema, degenerative disc disease, chronic fractures, and hypertension, among others. Plaintiff has been barred from emergency and urgent care facilities and instructed not to contact providers.
    - Plaintiff's health has deteriorated significantly, with worsening fatigue, pain, and cognitive impairments.
2. **Housing Needs**:
    - Plaintiff has been homeless for four years, except for brief periods post-surgery or chemotherapy. Plaintiff's insurance policy explicitly states that housing should be

   provided for individuals with severe medical conditions, yet no such accommodation has been made.
   - Plaintiff has been exposed to extreme cold, with frostbite affecting mobility, and lacks a safe, sanitary space to live and work.
3. **Nutrition and Basic Necessities:**
   - Plaintiff has been cut off from food assistance and has no reliable access to food.
   - Plaintiff is unable to carry or store food and has no means of preserving physical well-being, resulting in malnutrition and recurring infections.
4. **Irreparable Harm:**
   - Without access to healthcare, housing, and food, Plaintiff faces imminent and irreparable harm, including risk of death from untreated cancer, complications from pulmonary embolism, and exposure to life-threatening conditions while living unsheltered.
   - Plaintiff's inability to access basic necessities also precludes meaningful participation in this litigation, compounding the harm caused by Defendant's actions.

**Legal Standard**

To obtain a temporary injunction under Rule 65, Plaintiff must demonstrate:

1. **Likelihood of Success on the Merits:** Plaintiff's claims are supported by law and by Defendant's stated obligations to provide necessary care and resources. The denial of care and resources breaches these obligations.
2. **Irreparable Harm:** Plaintiff's life-threatening medical conditions, compounded by homelessness and malnutrition, constitute harm that monetary compensation cannot remedy.
3. **Balance of Equities:** The harm to Plaintiff outweighs any inconvenience to Defendant, as the requested relief seeks only compliance with existing obligations and does not impose undue burden.
4. **Public Interest:** Granting this motion aligns with public policy favoring access to healthcare, housing, and basic necessities for vulnerable individuals.

**Argument**

1. **Likelihood of Success on the Merits:**
   Defendant has failed to fulfill obligations under law and policy. Plaintiff has provided evidence of medical necessity, insurance coverage, and eligibility for the requested relief. Defendant's conduct directly contravenes its stated policies and obligations.
2. **Irreparable Harm:**
   Plaintiff's health conditions, including metastatic cancer, require immediate treatment. The lack of access to care, housing, and nutrition places Plaintiff at risk of death or severe, permanent harm. These harms cannot be remedied through later damages.
3. **Balance of Equities:**
   The requested relief—medical care, housing, and basic resources—poses minimal financial or logistical burden to Defendant. In contrast, Plaintiff faces extreme and

irreversible harm without intervention. The balance of equities strongly favors granting this motion.

4. **Public Interest**:
Ensuring access to basic necessities for individuals with severe medical conditions is a core public policy goal. Preventing homelessness and promoting health care access align with societal values and reduce broader public costs associated with emergency interventions.

**Conclusion**

For these reasons, Plaintiff respectfully requests that the Court issue an emergency temporary injunction requiring Defendant to:

1. Provide immediate access to medical care, including cancer treatment and care for other health conditions.
2. Arrange safe and stable housing with basic amenities, including reliable internet access.
3. Reinstate access to food assistance or provide equivalent resources.
4. Provide a working phone with reliable service and data.
5. Provide a functional laptop computer suitable for legal research and case preparation.
6. Facilitate access to essential records, including medical and insurance documentation.

Once Plaintiff's basic necessities are provided, including access to healthcare, housing, food, and functional tools for communication and legal work, Plaintiff will be in better physical and mental health, properly fed, and medicated. At that time, Plaintiff promises to present the merits of this case in court to the fullest extent of Plaintiff's ability and life. Presently, Plaintiff is completely unable to comply with court orders or engage meaningfully in this litigation due to dire circumstances.

Dated: December 13, 2024

Respectfully submitted,

Charles De Raedt
General Delivery
Medford, OR 97501
deraedtcj@gmail.com
458-488-9018