UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHARLES DeRAEDT, | Case No. 1:24-cv-01844-CL |
| Plaintiff, | **ORDER** |
| v. | |
| LA CLINICA, et al., | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Charles De Raedt filed this action against Defendants La Clinica, Options for Southern Oregon, Dr. Emre Koca, Asante Rogue Reginal Medical Center, Oregon Health Authority, Oregon Health Plan, Jackson Care Connect, Care Oregon, Gov. Ombuds Ofc., Jackson County Sherrif's Department, Medford Police Department, Jackson County Jail, Attorney Matthew Rowan, Attorney Jessica Piedmonte, and Andrea Bearden. His Complaint notes that it is for "damages related to medical malpractice and civil rights violations." ECF No. 1-1. Before the Court is Plaintiff's Emergency Motion for Temporary Injunction. ECF No. 5. Plaintiff seeks access to medical care, housing, food assistance, phone service, laptop computer, and "essential records."  For the following reasons, Plaintiff's motion is denied.

Page 1 —ORDER

The standard for a temporary restraining order is "substantially identical" to the standard

for a preliminary injunction. *Stuhlbarg Int'l Sales Co. Inc. v. John D. Brushy & Co.*, 240 F.3d

832, 839 n.7 (9th Cir. 2001). Such relief is "an extraordinary remedy never awarded as of

right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary

injunction must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm in the

absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction

is in the public interest. *Id.* at 20. The moving party "has the general burden of establishing the

elements necessary to obtain injunctive relief." *Klein v. City of San Clemente*, 584 F.3d 1196,

1201 (9th Cir. 2009). Moreover, when a plaintiff seeks "mandatory" relief rather than

"prohibitory" relief—as Plaintiff does here—that relief "is particularly disfavored, and should

not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*,

612 F.2d 1112, 1114 (9th Cir. 1979) (citation omitted).

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to

make the showing necessary to support the extraordinary and drastic remedy of a temporary

restraining order. In particular, Plaintiff has not demonstrated a likelihood of success on the

merits. The Court cannot discern what claims are asserted against each of the fifteen Defendants

and what specific facts underly those claims. Even recognizing Plaintiff is self-represented, the

Court finds no claim, even reading the Complaint liberally, that Plaintiff is likely to prevail on.

This is not a final determination on the merits of Plaintiff's claims, but instead merely the

Court's finding on an expedited review of Plaintiff's request for emergency relief.

While Plaintiff may demonstrate that his lack of access to housing, medical care, etc. is

likely to cause him to suffer imminent irreparable harm, the Court is unable to make the

connection between those harms and any valid legal claim, supported by specific factual

Page 2 —ORDER

allegations, against any named Defendant. Without such facts, the Court cannot conclude that the requested relief is appropriately tailored to the harms Plaintiff alleges. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009) (explaining that "[i]njunctive relief ... must be tailored to remedy the specific harm alleged" and that "[a]n overbroad injunction is an abuse of discretion") (citations omitted). In addition, Plaintiff requests that the Court order "Defendant" to provide housing/medical care/food assistance/etc., but he does not specify which of the many Defendants Plaintiff seeks to enjoin. Thus, it is unclear from which Defendant Plaintiff seeks such relief, let alone whether that relief is related to the claims against that Defendant and is within the Court's power to order.

## CONCLUSION

For the reasons above, Plaintiff's Emergency Motion for Temporary Injunction (ECF No. 5) is DENIED.


DATED this <u>20th</u> day of December 2024.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge