IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHARLES DeRAEDT,

    Plaintiff,

v.

LA CLINICA *et al*,

    Defendants.

Case No. 1:24-cv-01844-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Self-represented Plaintiff Charles De Raedt filed this action against Defendants La Clinica, Options for Southern Oregon, Dr. Emre Koca, Asante Rogue Reginal Medical Center, Oregon Health Authority, Oregon Health Plan, Jackson Care Connect, Care Oregon, Gov. Ombuds Ofc., Jackson County Sherrif's Department, Medford Police Department, Jackson County Jail, Attorney Matthew Rowan, Attorney Jessica Piedmonte, and Andrea Bearden. His Complaint notes that it is for "damages related to medical malpractice and civil rights violations." ECF #1-1. Before the Court is Plaintiff's Application for Leave to proceed *In Forma Pauperis* (IFP (ECF #2) and Motion for Appointment Counsel (ECF #14).

For the reasons below, Plaintiff's Complaint (#1) should be dismissed without prejudice and with leave to file a First Amended Complaint. Plaintiff's IFP application shall be held in abeyance and reconsidered in light of the amended pleading. Failure to file an amended pleading could result in dismissal of the case. The Motion for Appointment of Counsel (#14) is denied.

## DISCUSSION

*a. IFP consideration*

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to state a claim for which the Court is capable of granting relief. The Court cannot discern what claims are asserted against each of the fifteen Defendants and what specific facts underly those claims. Even recognizing Plaintiff is self-represented, the Court finds no legally cognizable claim, even reading the Complaint liberally. In addition, Plaintiff requests that the Court order "Defendant" to provide housing/medical care/food assistance/etc., but he does not specify which of the many Defendants Plaintiff seeks to enjoin. It is also not clear that the Court has the authority to order Defendants to provide such assistance to Plaintiff, or what upon legal basis the Defendants should be required to do so. While there are community resources that could be available to provide assistance to Plaintiff, it is not clear to the Court that federal litigation is the proper avenue to pursue that assistance.

b. *Motion for Appointment of Counsel*

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional

circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

The Court has reviewed Plaintiff's motion and other filings and does not find the exceptional circumstances that would warrant appointment of counsel. Plaintiff states that he has contacted numerous attorneys and law firms and legal non-profit organizations, but he has been unable to find counsel willing to take his case. The Court is sympathetic to this challenge, and the Court understands the difficulty of proceeding as a self-represented litigant. Unfortunately, a review of Plaintiff's allegations does not show that there has been any legally wrongful conduct for which Plaintiff is able to state a claim for relief, and this likely hampers his ability to obtain the assistance of counsel. For these reasons, Plaintiff's Motion (#14) is denied.

As required by the rules, the Court will take a very close look at the documents and arguments submitted by Plaintiff and will liberally construe all ambiguities in the Plaintiff's favor, as required by law. Resources for self-represented parties are available on the Court website. The Court will also consider extending the deadline to submit a First Amended Complaint, if that would assist the Plaintiff. He should contact the Court in writing to request such an extension.

## ORDER

Plaintiff's Motion for Counsel (#14) is denied. Plaintiff's Complaint is dismissed for failure to state a cognizable claim for relief. It is not clear whether any amendment to Plaintiff's claims can cure the deficiencies identified above. In an abundance of caution, the dismissal is without prejudice, and with leave to file a First Amended Complaint within 30 days, if he can

state a claim for relief. Failure to file amended pleadings, or failure to cure the deficiencies identified, could result in dismissal of the case with prejudice.

It is so ORDERED and DATED this ___1___ day of April, 2025.

MARK D. CLARKE
United States Magistrate Judge

5 – OPINION AND ORDER