UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHARLES DE RAEDT, | Case No. 1:24-cv-01844-CL |
| Plaintiff, | **ORDER** |
| v. | |
| LA CLINICA, *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Charles De Raedt filed this action against a variety of public and private entities and persons alleging various civil rights claims, ADA violations, retaliation, and RICO claims. ECF No. 27. Before the Court is Plaintiff's Revised Emergency Motion for Preliminary Injunctive Relief. ECF No. 33.

Plaintiff originally sought injunctive relief upon filing this case, which the Court denied. *See* ECF No. 8. Since that time, Plaintiff's Complaint was dismissed with leave to amend, ECF No. 17, and Plaintiff has filed an Amended Complaint. ECF No. 27. In his renewed motion for injunctive relief, Plaintiff seeks (1) immediate cancer and general medical evaluation and treatment, (2) provision of a private, independent residence of choice, (3) provision of a personal vehicle for medical access and basic mobility, (4) a monthly stipend for basic functional needs,

Page 1 —ORDER

(5) a laptop, phone and digital access tools, (6) corrective medical and legal record audit, and (7) protection from retaliation or continued criminalization. *Id.*

The standard for a temporary restraining order is "substantially identical" to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co. Inc. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Such relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. The moving party "has the general burden of establishing the elements necessary to obtain injunctive relief." *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Moreover, when a plaintiff seeks "mandatory" relief rather than "prohibitory" relief—as are most of Plaintiff's requests here—that relief "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (citation omitted).

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to make the showing necessary to support the extraordinary and drastic remedy of a preliminary injunction. In particular, Plaintiff has not demonstrated a likelihood of success on the merits. While Plaintiff's Amended Complaint includes more detail than his original filing, the Court still finds no claim Plaintiff is likely to prevail on. The only claim with respect to which Plaintiff has pled with any factual detail is a "medical neglect and surgical battery" claim against Defendant Asante Medical Center pertaining to a nephrectomy Plaintiff underwent in "February or March 2022," and was informed by the surgeon of the injury that forms the basis of his claim. Am. Compl. 7-8. This claim is outside the applicable statute of limitations, as Plaintiff's case was

filed more than two years after his alleged injury. *See* Or. Rev. Stat. § 12.110(4) ("An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered"); *see also Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (federal courts apply the forum state's statute of limitations for personal injury actions to claims brought under 42 U.S.C. § 1983).

Second, many of Plaintiff's claims are asserted under 42 U.S.C. § 1983. Such claims require a plaintiff to plead "that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Here, many of the defendants are private entities and individuals. While private entities can be subject to Section 1983 liability, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). Plaintiff's Amended Complaint pleads no facts to establish that the private Defendants were acting under color of State law.

Finally, with respect to the remaining Defendants and alleged misconduct underlying Plaintiff's action, the only facts alleged appear in "Attachment A" to his Amended Complaint. That attachment lists each Defendant along with a conclusory statement about each Defendant's misconduct. The Court cannot discern from those threadbare allegations what took place, when, and what specific conduct underlies those allegations. Thus, the Court finds no claim, even reading the Complaint liberally, that Plaintiff is likely to prevail on. This is not a final

determination on the merits of Plaintiff's claims, but instead merely the Court's finding on an expedited review of Plaintiff's request for injunctive relief.

While Plaintiff may demonstrate that his lack of access to housing, medical care, etc., is likely to cause him to suffer imminent irreparable harm, the Court is unable to make the connection between those harms and any valid claim, supported by specific factual allegations, against any named Defendant. Without such facts, the Court cannot determine that the requested relief is appropriately tailored to the harms Plaintiff alleges and within the Court's power to order. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119 (9th Cir. 2009) (explaining that "[i]njunctive relief ... must be tailored to remedy the specific harm alleged" and that "[a]n overbroad injunction is an abuse of discretion") (citations omitted).

## CONCLUSION

For the reasons above, Plaintiff's Revised Emergency Motion for Preliminary Injunctive Relief (ECF No. 33) is DENIED.

DATED this <u>28th</u> day of July 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
