IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHARLES DeRAEDT,

    Plaintiff,

v.

LA CLINICA *et al*,

    Defendants.

Case No. 1:24-cv-01844-CL

**FINDINGS AND RECOMMENDATION**

**CLARKE**, Magistrate Judge.

    Self-represented Plaintiff Charles DeRaedt filed this action against a long list of local government entities, social services agencies, hospitals, police officers, attorneys, and other organizations and individuals. The case comes before the Court for a review of the First Amended Complaint (ECF #27) ("FAC"), to determine if it meets the screening requirements for a plaintiff requesting to proceed IFP, as well as Plaintiff's Motion for Leave to Amend or Supplement (ECF #29). Plaintiff also includes a request for the appointment of pro bono counsel in several of his filings, including the Motion for Leave to Amend.

    Plaintiff's initial Complaint (#1) was filed on November 1, 2024, but was dismissed for failure to state a claim (ECF #17), and the application for leave to proceed IFP (#2) was held in abeyance. The Court granted Plaintiff leave to file a First Amended Complaint ("FAC") if he could cure the deficiencies of the prior complaint. The FAC was ordered to be filed no later than May 1, 2025. The Court granted Plaintiff an extension of time to file, to June 16, 2025. On June

13, Plaintiff filed a Declaration stating his intention to file the FAC as soon as possible, but the FAC was not filed until June 20, 2025 (ECF #27). On the same day, Plaintiff also filed an Emergency Motion for Preliminary Injunctive Relief (ECF #28), and a Motion for Leave to Amend or Supplement Complaint (ECF #29). On June 25, 2025, Plaintiff filed a Motion for Leave to File Out of Time, which the Court granted. Therefore, the Court considers the FAC to be timely filed for purposes of review.

Plaintiff's motion for preliminary injunction (ECF #28) was denied by the District Court, as were numerous other motions, including multiple other motions for preliminary injunctions (*e.g.*, ECF #37), which indicated Plaintiff's urgent need for social services of all kinds. All of Plaintiff's motions have been denied because the relief sought by Plaintiff was unconnected to any valid legal claim or any identifiable defendant. Plaintiff continues to seek direct access to services and assistance, such as housing, medical care, and shelter. The Court is not capable of providing such direct assistance; the Court only has the power to grant legal relief as against another party to the litigation.

## DISCUSSION

*a. IFP consideration*

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to state a claim for which the Court is capable of granting relief. The Court cannot discern what claims are asserted against each of the fifteen Defendants and what specific facts underly those claims. Even recognizing that Plaintiff is self-represented, and reading the FAC and other filings as liberally as possible, the Court finds no legally cognizable claim. In addition, Plaintiff requests that the Court order "Defendant" to provide housing/medical care/food assistance/etc., but he does not specify which of the many Defendants Plaintiff seeks to enjoin. Plaintiff also appears to request such assistance directly from the Court itself. While there are community resources that could be available to provide assistance to Plaintiff, it is not clear to the Court that federal litigation is the proper avenue to pursue that assistance.

The only legal claim for which Plaintiff alleges even bare factual allegations is a medical negligence claim against a urologist, Dr. Liam McLeod, who is not a named defendant in this action. Moreover, even if this claim were properly pled against a named defendant, it appears that the Court would lack subject matter jurisdiction to hear this single state law claim, as Plaintiff alleges that Dr. McLeod is a urologist here in Medford, Oregon, and therefore the parties are lacking the diversity of citizenship that is required by 28 U.S.C. 1332. For all of these reasons, Plaintiff's FAC fails to state a claim for relief that can be granted by this Court.

> b. *The First Amended Complaint should be dismissed with prejudice and the Motion for Leave to Amend or Supplement Complaint should be denied.*

The Court has now afforded Plaintiff an opportunity to amend his pleading and cure the deficiencies of his Complaint, but Plaintiff has been unable to do so. Additionally, Plaintiff has made his case numerous times via motions for emergency injunctive relief, and it is clear that no amendment will be able to cure the deficiencies. Federal Court is simply the wrong forum for Plaintiff to pursue the services that he needs. For these reasons, Plaintiff's case should be

dismissed with prejudice and this case should be closed. For the same reasons, Plaintiff's Motion for Leave to Amend or Supplement the Complaint (ECF #29) should be DENIED.

    *c. Motion for Appointment of Counsel*

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

The Court has reviewed Plaintiff's motion and other filings and does not find the exceptional circumstances that would warrant appointment of counsel. Plaintiff states that he has contacted numerous attorneys and law firms and legal non-profit organizations, but he has been unable to find counsel willing to take his case. The Court is sympathetic to this challenge, and the Court understands the difficulty of proceeding as a self-represented litigant. Unfortunately, a review of Plaintiff's allegations does not show that there has been any legally wrongful conduct for which Plaintiff is able to state a claim for relief, and this likely hampers his ability to obtain the assistance of counsel. For these reasons, Plaintiff's request for pro bono counsel should be denied.

### RECOMMENDATION

Plaintiff's Motion for Leave to Amend (ECF # 29) should be DENIED. Plaintiff's FAC fails to state a claim for relief and should be dismissed, and his request for pro bono counsel should be DENIED. Because it is clear that there is no amendment that Plaintiff could make to

cure these particular deficiencies, the First Amended Complaint, and this action as a whole, should be dismissed with prejudice.

## SCHEDULING

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this Recommendation is filed. Fed. R. Civ. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. *Id.* Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _11_ day of September, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge